UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LIN SU FANG, | ) | Case No.: 1:11 CV 313 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| ERIC HOLDER, JR., *et al.*, | ) | |
| | ) | |
| Respondents | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Respondents' Eric Holder, Jr.'s, *et al.* ("Respondents") Motion to Dismiss (ECF No. 11) for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons that follow, Respondents' Motion to Dismiss is granted.

### I.  FACTS AND PROCEDURAL HISTORY

Petitioner Lin Su Fang ("Petitioner" or "Fang") is a native and citizen of the People's Republic of China ("China"). (Notice to Appear, ECF No. 6-1, at 1.) Petitioner was lawfully admitted to the United States on or about May 26, 2002 for permanent residence, on a conditional basis, as the spouse of a U.S. citizen. (*Id.*)

Respondents are Eric C. Holder, Jr., in his official capacity as Attorney General of the United States, Janet Napolitano, in her official capacity as Secretary of the Department of Homeland Security, John Morton, in his official capacity as Director of Immigration and Customs Enforcement, James Chaparro, in his official capacity as Assistant Director for Intelligence for Immigration and

Customs Enforcement, and Lt. Leonardi, in his official capacity as Jail Administrator of Bedford Heights City Jail.

On July 21, 2006, Petitioner's residency status was terminated by a Department of Homeland Security ("DHS") Field Officer because Petitioner failed to establish that her marriage was bona fide and not entered into to circumvent immigration laws. (Notice to Appear, at 1.) Subsequently, removal proceedings were initiated against Petitioner. (*Id.*) On August 21, 2009, the Board of Immigration Appeals ("Board") affirmed the DHS Field Officer's decision to terminate Petitioner's legal status, the denial of the visa application filed on Petitioner's behalf, and the finding that Petitioner's marriage was entered into for the primary purpose of evading immigration laws. (August 21, 2009 Decision of the Board, ECF No. 6-2, at 2-3.)

On February 2, 2009, an Immigration Judge issued an oral decision ordering Petitioner's removal from the U.S. to China, denying Petitioner's asylum application, denying withholding of removal, and denying deferral of removal under Article III of the Convention Against Torture. (Order of Immigration Judge, ECF No. 6-3, at 1.) Petitioner appealed the Immigration Judge's Order to the Board, which dismissed the appeal. (November 23, 2010 Decision of the Board, ECF No. 6-4, at 1-4.) Thereafter, Petitioner filed a motion to reconsider, reopen, and remand the Board's decision, and a request for a stay of removal, all of which were denied by the Board. (February 16, 2011 Decision of the Board, ECF No. 6-5, at 1-2.)

Immigration and Customs Enforcement ("ICE") detained Petitioner on January 25, 2011, and took her to Maple Heights City Jail. (Pet'r's Pet. for Writ of Habeas Corpus, ECF No. 1-1, at 4; EARM Detention Details, ECF No. 6-6, at 1.) Petitioner was transferred to Bedford Heights City Jail on February 4, 2011. (EARM Detention Details at 1.) On February 11, 2011, Petitioner filed

a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, against Respondents. (Pet'r's Pet. for Writ of Habeas Corpus, at ¶ 1.) Petitioner contended that her detention was unlawful and in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution. (Pet'r's Pet. for Writ of Habeas Corpus, at 5-10.) In their Return of Writ, Respondents argued that the Petition should be denied because Petitioner's detention was lawful under 8 U.S.C. § 1231(a), which governs the detention, release and removal of aliens. (Resp'ts' Return of Writ, ECF No. 6, at 2.)

Petitioner was removed from the United States on March 31, 2011. (Warrant of Removal/Deportation, ECF No. 11-1, at 1-2.) Petitioner is no longer in U.S. custody. (*Id.*) On April 7, 2011, Respondents filed a motion requesting dismissal of Petitioner's Petition for Writ of Habeas Corpus on mootness grounds, with prejudice. (Resp'ts' Mot. to Dismiss, ECF No. 11, at 1-2.) Subsequently, Petitioner filed a Response to Respondents' Motion to Dismiss, conceding that she was removed from the United States and is no longer in the custody of ICE. (Pet'r's Resp. to Mot. to Dismiss, ECF No. 12, at 1.) Petitioner does not oppose Respondents' Motion to Dismiss for mootness, but requests that her Petition for Writ of Habeas Corpus be dismissed without prejudice. (*Id.*)

## II. MOTION TO DISMISS STANDARD

A motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may take the form of either a facial or a factual attack. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Facial attacks challenge the sufficiency of the pleading itself. *Id.* Factual attacks, on the other hand, challenge the factual existence of subject-matter jurisdiction, regardless of what is or might be alleged in the pleadings. *Id.*

When adjudicating a motion to dismiss based upon a facial attack, the Court must accept all material allegations of the complaint as true and must construe the facts in favor of the non-moving party. *Ritchie*, 15 F.3d at 598 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)). *See also Robinson v. Gov't of Malay.*, 269 F.3d 133, 140 (2d Cir. 2001) (holding that all reasonable inferences must be drawn in favor of the plaintiff when evaluating a facial attack on subject-matter jurisdiction).

In contrast, a factual attack contests the validity of the facts alleged as support for subject-matter jurisdiction. *Ritchie*, 15 F.3d at 598. With a factual challenge, no presumption of truthfulness arises for either party, and the court must weigh the evidence to determine its power to hear the case. *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990)). In this analysis, the court may consider both the pleadings and evidence not contained in the pleadings. *Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000).

### III. LAW AND ANALYSIS

A case becomes moot "when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). Because mootness is a threshold jurisdictional issue, a case that is moot does not satisfy the standing requirement of Article III of the U.S. Constitution, and thus, courts are powerless to decide cases that are moot. *WJW-TV, Inc. v. Cleveland*, 878 F.2d 906, 909 (6th Cir. 1989); *Carras*, 807 F.2d at 1289 (citing *SEC v. Med. Comm. for Human Rights*, 404 U.S. 403, 407 (1972); *United States v. City of Detroit*, 720 F.2d 443, 448 (6th Cir. 1983)). A court determines whether an action is moot by "examining whether an actual controversy between the parties exists in light of intervening circumstances." *Fleet Aerospace Corp. v. Holderman*, 848 F.2d 720, 723 (6th Cir. 1988). In order

to satisfy the case or controversy requirement, the petitioner must suffer an actual injury that is caused by the respondent and is redressable by a favorable decision throughout the case. *Ali v. INS*, No.1:10 CV 0426, 2010 WL 3001901, at *2 (N.D. Ohio July 9, 2010) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S 472, 477 (1990)).

The federal district courts may "entertain an application for habeas relief only by a person held 'in custody under or by color of the authority of the United States' or 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Ali*, 2010 WL 3001901, at *1 (citing *Carafas*, 391 U.S. at 238); 28 U.S.C. § 2241(c)(1), (3). The courts have held that:

> The deportation of a habeas petitioner during the pendency of a habeas proceeding does not, of itself, deprive the district court of jurisdiction over the case. If the petition seeks habeas relief from enduring and significant collateral consequences of the deportation, such as a bar to re-entry to the United States for five or more years, the court retains jurisdiction over the petition.

*Ali*, 2010 WL 3001901, at *2 (citing *Zundel v. Berrong*, 106 F. App'x 331, 334-35 (6th Cir. 2004)) (citation omitted). In other words, "when a petitioner continues to suffer 'collateral consequences' of an imposed sentence sufficient to give the petitioner 'a substantial stake in the judgment of conviction which survives satisfaction of the sentence imposed on him,' the cause is not moot" and satisfies the case and controversy requirement of Article III. *Ali*, 2010 WL 3001901, at *1 (citing *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968) (quoting *Fiswick v. United States*, 329 U.S. 211, 222 (1946)).

In *Ali v. INS*, 2010 WL 3001901, at *2, the petitioner filed for habeas corpus relief, complaining of unlawful detention and did not seek relief from the collateral consequences of his removal. The petitioner was subsequently deported. The *Ali* court dismissed the petition for habeas corpus on mootness grounds because the petitioner did not seek relief from the collateral

-5-

consequences of his removal and he was no longer in custody of the U.S. government. *Id.; Cf. Zundel*, 106 F. App'x at 334-35 (holding that a petitioner could pursue his habeas petition if his deportation order had the continuing collateral consequence of a twenty-year ban on reentry). The facts of the instant case are directly analogous to *Ali*. It is undisputed that Petitioner has been removed from the United States and is no longer in custody of ICE. Furthermore, in her Petition for Writ of Habeas Corpus, Petitioner only sought relief from her allegedly unlawful detention and did not seek relief from any collateral consequences of her removal. Because Petitioner is no longer in the custody of the U.S. government, and has not alleged any continuing injury resulting from her deportation, the court lacks subject-matter jurisdiction over this matter, and it is moot. Accordingly, Petitioner's Petition for Writ of Habeas Corpus is dismissed.

Respondents' Motion to Dismiss for mootness is granted without prejudice as there has been no adjudication on the merits of the claims underlying Petitioner's Petition for Writ of Habeas Corpus. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001) ("[A] dismissal 'with prejudice' evinces 'the intention of the court to make [the dismissal] on the merits.'").

### IV. CONCLUSION

For the foregoing reasons, the court hereby grants Respondents' Motion to Dismiss (ECF No. 11) without prejudice.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

July 13, 2011